IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. BREDFIELD, | No. 2:11-cv-1478-CMK-P |
|     Petitioner, | |
|   vs. | <u>ORDER</u> |
| UNKNOWN, | |
|     Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner has not filed a complete application to proceed in forma pauperis, along with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required filing fee. <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a). Petitioner will be provided the opportunity to submit either a completed application to proceed in forma pauperis, with the required certification, or pay the appropriate filing fee. As to the certification requirement, while a copy of petitioner's prison trust account statement certified by prison officials is not required to

1

satisfy the requirement, such a statement will suffice.  Petitioner is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

In addition, a review of the document petitioner has filed in lieu of a form petition reveals several deficiencies.  First, "[a] petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (naming the Director of Corrections rather than the prison warden is sufficient); see also Rule 2(a), Federal Rules Governing Section 2254 Cases.  Because petitioner has not filed a proper petition, he has not named any respondent, thus his petition is deficient and must be dismissed.  Petitioner will be provided an opportunity to file an amended petition, and will be required to name the appropriate state officer as the respondent to the petition.  See Stanley, 21 F.3d at 360.

Second, Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires that every habeas corpus petition must: (1) specify all the grounds for relief; (2) state the facts supporting each ground for relief; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury.  In the instant case, the petition fails to meet one or more of these requirements.  Specifically, petitioner's petition consists of a single page letter to the court indicating he is actually innocent of the crime for which he has been convicted.  He then attaches almost 300 pages of documents which purportedly provide support for this position.  He does not, however, specify the grounds for which he seeks relief, state any fact supporting each of his grounds for relief, or state the relief he is requesting.  In addition, his petition is not signed under penalty of perjury.  Petitioner is cautioned that simply attaching prior court documents to his amended petition is insufficient to meet Rule 2(c)'s requirements.  He must specify in the petition the grounds for relief he is claiming, and must support each of those grounds with supporting facts.

Petitioner will be provided an opportunity to file an amended petition which satisfies Rule 2(c) and names the appropriate state officer, usually the warden of the prison in which the petitioner is housed.  Petitioner is warned that failure to comply with this order may result in the dismissal of this action.  See Local Rule 110.

Finally, petitioner is requesting the appointment of counsel (Doc. 4).  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee; and

2. Petitioner's petition for writ of habeas corpus (Doc. 1) is dismissed with leave to amend;

3. Petitioner shall file an amended petition on the form employed by this court, and which satisfies the requirements of Rule 2(c) of the Federal Rules Governing Section 2254 Cases, as set forth above, and names the proper respondent, within 30 days of the date of this order;

4. The Clerk of the Court is directed to send petitioner a form Application to Proceed In Forma Pauperis By a Prisoner, and the court's form habeas corpus application; and

/ / /

/ / /

/ / /

/ / /

5. Petitioner's motion for appointment of counsel (Doc. 4) is denied without prejudice to renewal, at the earliest, after a response to the petition has been filed.

DATED: October 2, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE