1
2
3
4
5
6
7
8               **IN THE UNITED STATES DISTRICT COURT**
9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   DONALD R. BREDFIELD,                    No. 2:11-cv-1478-CMK-P
12                    Petitioner,
13          vs.                              <u>ORDER</u>
14   UNKNOWN,
15                    Respondent.
16   _____/
17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of
18   habeas corpus pursuant to 28 U.S.C. § 2254.
19          Petitioner has not filed a complete application to proceed in forma pauperis, along
20   with a "certification from the warden or other appropriate officer of the place of confinement
21   showing the amount of money or securities that the petitioner has in any account in the
22   institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or
23   paid the required filing fee.  <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).  Petitioner will be provided the
24   opportunity to submit either a completed application to proceed in forma pauperis, with the
25   required certification, or pay the appropriate filing fee.  As to the certification requirement, while
26   a copy of petitioner's prison trust account statement certified by prison officials is not required to

1  satisfy the requirement, such a statement will suffice.  Petitioner is warned that failure to comply

2  with this order may result in the dismissal of this action for lack of prosecution and failure to

3  comply with court rules and orders.  See Local Rule 110.

4        In addition, a review of the document petitioner has filed in lieu of a form petition

5  reveals several deficiencies.  First, "[a] petitioner for habeas corpus relief must name the state

6  officer having custody of him or her as the respondent to the petition."  Stanley v. California

7  Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also  Ortiz-Sandoval v. Gomez, 81 F.3d

8  891, 894 (9th Cir. 1996) (naming the Director of Corrections rather than the prison warden is

9  sufficient); see also Rule 2(a), Federal Rules Governing Section 2254 Cases.  Because petitioner

10  has not filed a proper petition, he has not named any respondent, thus his petition is deficient and

11  must be dismissed.  Petitioner will be provided an opportunity to file an amended petition, and

12  will be required to name the appropriate state officer as the respondent to the petition.  See

13  Stanley, 21 F.3d at 360.

14        Second, Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires

15  that every habeas corpus petition must: (1) specify all the grounds for relief; (2) state the facts

16  supporting each ground for relief; (3) state the relief requested; (4) be printed, typewritten, or

17  legibly handwritten; and (5) be signed under penalty of perjury.  In the instant case, the petition

18  fails to meet one or more of these requirements.  Specifically, petitioner's petition consists of a

19  single page letter to the court indicating he is actually innocent of the crime for which he has

20  been convicted.  He then attaches almost 300 pages of documents which purportedly provide

21  support for this position.  He does not, however, specify the grounds for which he seeks relief,

22  state any fact supporting each of his grounds for relief, or state the relief he is requesting.  In

23  addition, his petition is not signed under penalty of perjury.   Petitioner is cautioned that simply

24  attaching prior court documents to his amended petition is insufficient to meet Rule 2(c)'s

25  requirements.  He must specify in the petition the grounds for relief he is claiming, and must

26  support each of those grounds with supporting facts.

1    Petitioner will be provided an opportunity to file an amended petition which

2  satisfies Rule 2(c) and names the appropriate state officer, usually the warden of the prison in

3  which the petitioner is housed.  Petitioner is warned that failure to comply with this order may

4  result in the dismissal of this action.  See Local Rule 110.

5    Finally, petitioner is requesting the appointment of counsel (Doc. 4).  There

6  currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius

7  v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the

8  appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule

9  8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the

10  interests of justice would be served by the appointment of counsel at the present time.

11    Accordingly, IT IS HEREBY ORDERED that:

12    1.    Petitioner shall submit on the form provided by the Clerk of the Court,

13  within 30 days from the date of this order, a complete application for leave to proceed in forma

14  pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee; and

15    2.    Petitioner's petition for writ of habeas corpus (Doc. 1) is dismissed with

16  leave to amend;

17    3.    Petitioner shall file an amended petition on the form employed by this

18  court, and which satisfies the requirements of Rule 2(c) of the Federal Rules Governing Section

19  2254 Cases, as set forth above, and names the proper respondent, within 30 days of the date of

20  this order;

21    4.    The Clerk of the Court is directed to send petitioner a form Application to

22  Proceed In Forma Pauperis By a Prisoner, and the court's form habeas corpus application; and

23  / / /

24  / / /

25  / / /

26  / / /

1        5.      Petitioner's motion for appointment of counsel (Doc. 4) is denied without

2   prejudice to renewal, at the earliest, after a response to the petition has been filed.

3

4    DATED:  October 2, 2012

5

6                                          CRAIG M. KELLISON
                                           UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26